LEE ANTHONY BROWN,

        Plaintiff,

v.                                                 Case No. 22-cv-010-bhl

DAN CROMWELL, KEVIN CARR,
CAPT. HOCH, CAPT. LARSEN,
SGT. HALL, SGT. MCGIBBIOUS,
and UNIT MANAGER JAEGER,

        Defendants.

## SCREENING ORDER

Plaintiff Lee Anthony Brown, who is currently serving a state prison sentence at Oshkosh Correctional Institution (OCI) and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Brown's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Brown has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Brown has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $34.97. Brown's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

Brown was an inmate at Redgranite Correctional Institution (RGCI) at the time of the alleged events. Dkt. No. 1 at 1–3. Brown names Kevin Carr, Dan Cromwell, Captain Hoch, Captain Larsen, Sergeant Hall, Sergeant McGibbious, and Unit Manager Jaeger as Defendants. *Id.*

According to Brown, around September 10, 2020, another inmate, Muniz (not a defendant), was moved into his cell. *Id.* at 4. Ten days later, on September 20, 2020, Brown alleges that he was woken up by the sounds Muniz was making and when he woke, he saw Muniz masturbating. *Id.* Brown reported Muniz's actions to Sgt. McGibbious, and she told him to contact Unit Manager (UM) Jaeger. *Id.* On September 21, 2020, Brown spoke with UM Jaeger about Muniz's behavior. *Id.* Brown told UM Jaeger that he must be moved to a different cell. *Id.* UM Jaeger instructed Brown to fill out a request form and said he would see what he could do regarding switching cells. *Id.* Brown alleges that he filled out the request form and made several complaints, but he was not moved. *Id.*

On September 25, 2020, Brown woke up to find Muniz standing in the middle of their cell masturbating. *Id.* Brown confronted Muniz about it and reported the behavior to Sgt. Hall. *Id.* Brown alleges that Sgt. Hall stated, "welcome to an all-male prison" but also said that she would talk to Muniz. *Id.* Later that day, Brown talked with UM Jaeger about Muniz's behavior and told him that this is an ongoing issue that cannot continue. *Id.* at 5. Brown alleges that UM Jaeger stated that he cannot move Brown to a different cell just because he is uncomfortable with Muniz masturbating in their shared cell. *Id.*

On September 28, 2020, Brown woke up to Muniz masturbating in their cell again. *Id.* Brown told Muniz to leave the cell and they both went to report the incident to Capt. Larsen. *Id.*

After reporting the incident, Capt. Larsen ordered Muniz and Brown to return to their cell. *Id.* Brown told Capt. Larsen that he could not return to the cell and asked Capt. Larsen to make a Prison Rape Elimination Act (PREA) report. *Id.* Brown also asked to use the phone to call the PREA line. *Id.* Brown alleges that in response Capt. Larsen placed Brown in handcuffs and escorted him to segregation to be placed on temporary lock up status for disobeying an order. *Id.*

The next day, September 29, 2020, UM Jaeger interviewed Brown for the PREA report. *Id.* at 6. UM Jaeger took Brown's statement and told him an investigation would be launched. *Id.* UM Jaeger also told Brown that he would stay in temporary lock up status until the PREA investigation was completed. *Id.* In response, Brown filed an inmate complaint stating that he was being punished by being kept in the temporary lock up because he filed a PREA report. *Id.*

On October 4, 2020, Capt. Larsen told Brown that he was being released from temporary lock up status and would return to his former unit. *Id.* Brown alleges that Muniz was also staying on that unit. *Id.* On October 6, 2020, Brown spoke with a psychologist about the PREA report. *Id.* Lastly, Brown alleges that he was transferred from RGCI to OCI with "no reclassification and no merit." *Id.* Brown claims that his transfer was done in retaliation for filing the PREA. *Id.*

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Brown claims that Defendants violated his Eighth Amendment rights because they failed to protect him from Muniz's behavior. Dkt. No. 1 at 7. The Eighth Amendment requires prison

4

officials to "take reasonable measures to guarantee the safety of the inmates." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020). To state a claim, Brown must allege that: (1) he was exposed to a harm that was objectively serious; and (2) the prison official knew of and disregarded an excessive risk to the inmate's health or safety. *Id*. Further, an inmate must allege a tangible threat to his safety or well-being. *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011). A substantial risk of serious harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is done." *Id*. (internal citations omitted). "[T]he conditions presenting the risk must be sure or very likely to cause . . . needless suffering, and give rise to sufficiently imminent dangers." *Id*.

Brown has failed to state a failure to protect claim because he has not sufficiently alleged that he was exposed to an objectively serious harm. The Supreme Court has made clear that an objectively serious harm must amount to a "denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). The only harm Brown alleges he was exposed to is that his cellmate would masturbate in their shared cell. While certainly the cellmate's conduct was unwelcome and bothersome, Brown does not allege that his cellmate threatened to or tried to assault him or otherwise cause him serious harm. Nor does Brown does not allege that his cellmate has a history of assaulting cellmates or other facts that might lead to a finding that he was at serious risk. *Cf. Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (assaulted prisoner stated failure-to-protect claim against warden by alleging that warden knew or should have known that his cellmate had history of assaulting cellmates). Instead, Brown only alleges that he woke up three times to his cellmate masturbating in their cell. This is not sufficient to qualify as an objectively serious harm. *See Pitts v. Milwaukee Secure Det. Facility Corr. & Med. Staff*, No. 20-CV-975, 2020 WL

5

5982897, at *2 (E.D. Wis. Oct. 8, 2020) (placement in a cell with an inmate who suffered seizures did not amount to placement under conditions posing a substantial risk of serious harm.); *Cobian v. McLaughlin*, 717 F. App'x 605, 610 (7th Cir. 2017) (inmate who did not allege any facts suggesting that he faced a substantial risk of being attacked by other inmates did not state an Eighth Amendment failure to protect claim); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (holding that inmate housed with psychologically disturbed cellmate did not state Eighth Amendment claim).

Brown's claim also fails because he does not have a constitutional right to particular cell or prison placement. *See Lindh v. Hepp*, No. 21-C-801, 2021 WL 3473141, at *4 (E.D. Wis. Aug. 6, 2021); *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) ("[A] prisoner does not have a constitutional right to a particular prison placement."). Thus, Defendants could not have been deliberately indifferent when they did not transfer him to a different cell at his request because he was not in imminent danger of a substantial harm. *See Lindh*, 2021 WL 3473141, at *4. Therefore, Brown has failed to state an Eighth Amendment failure to protect claim.

Brown's claim that he suffered a PREA violation also fails. To begin, PREA does not provide Brown with a private right of action, 42 U.S.C. § 15601 *et seq.* While Brown sues under Section 1983, in order to seek redress through that statute, "a plaintiff must assert the violation of a federal right not merely a violation of federal law." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "[W]here the text and structure of a statute provides no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under §1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). "While the purpose of the PREA is to reduce the occurrence of rape and sexual abuse in prisons, nothing in the language of the statute suggests that it was intended to create a private right of action." *Williams*

*v. Day*, No. 19-C-1873, 2020 WL 419337, at *2 (E.D. Wis. Jan. 27, 2020). Thus, Brown's allegation that he suffered a PREA violation does not state a claim.

Lastly, Brown alleges that he was transferred from RGCI to OCI in retaliation for filing the PREA report. To state a First Amendment retaliation claim, Brown must allege that (1) he engaged in a constitutionally protected activity; (2) he suffered a deprivation likely to prevent future protected activities; and (3) there was a causal connection between the two. *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Brown has a right to file a grievance about his cell conditions. *See Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) ("A prisoner has a First Amendment right to make grievances about conditions of confinement.") But to state a claim, Brown must allege that the defendants had actual knowledge of his protected conduct and acted because of it. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) ("It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.") (internal citations omitted). Brown must also allege that the deprivations he suffered would likely deter a person of ordinary firmness from continuing to engage in protected activity. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020).

Brown's retaliation claim fails because he relies solely on conclusory allegation that he believes he was transferred because of his PREA report. These assertions do not provide enough facts to sufficiently state a First Amendment retaliation claim. *See Hanks v. Hubbard*, No. 21-2504, 2022 WL 356732, at *3 (7th Cir. Feb. 7, 2022) ("We do not require a complaint's allegations to line up with every element of the claim. But we do require more than speculative and conclusory allegations . . . .") (internal citations omitted); *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512–

13 (7th Cir. 2020) (legal conclusions are not entitled to presumption of truth). Brown does not allege any facts that anyone told him that he was being transferred because of his PREA report. *Cf. Beatty v. Henshaw*, 826 F. App'x 561, 563–64 (7th Cir. 2020) (explaining that in some circumstances threats to punish or transfer a prisoner may sufficiently allege causation in a First Amendment retaliation claim). Additionally, Brown does not state who was involved with the transfer decision and he does not state when the transferer occurred. Without any facts regarding who was involved in transferring Brown, the Court cannot infer that the people involved had actual knowledge of the PREA report. *See Nieves*, 139 S. Ct. at 1722. Moreover, without any allegations about who was involved in the decision to transfer Brown, there is no one to attach personal liability too. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Further, Brown's retaliation claim independently fails because both RGCI and OCI are medium security prisons, and Brown does not allege that his transfer to OCI put him into a more restrictive or dangerous environment. *Holleman*, 951 F.3d at 882 ("[T]he disruption inherent in a transfer to a different facility does not by itself make the transfer adverse. Without some additional aggravating factor, such as relocation to a much more restrictive or dangerous environment, a transfer is not likely to deter a person of ordinary firmness from continuing to engage in protected conduct."). Accordingly, Brown has failed to provide sufficient facts for the Court to infer that his PREA report was the but for cause of his transfer to OCI and that his transfer to OCI would deter a person of ordinary firmness from continuing to engage in protected activity. Therefore, the Court finds that Brown has failed to state a First Amendment retaliation claim.

8

Case 2:22-cv-00010-BHL   Filed 02/16/22   Page 8 of 11   Document 7

Accordingly, the Court finds that Brown has failed to state a claim upon which relief can be granted and the Court will dismiss his complaint. However, District Courts must generally give civil *pro se* plaintiffs at least one opportunity to amend their complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). If Brown wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. The amended complaint must be filed on or before **March 16, 2022**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Brown is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 16, 2022**, Brown shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Brown a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $315.03 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income

credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution, the transferring institution shall forward a copy of this Order along with Brown's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Brown is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on February 16, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge