UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE ANTHONY BROWN,

        Plaintiff,

        v.                                                 Case No. 22-cv-10-bhl

DAN CROMWELL, et al.,

        Defendants.

## ORDER

Plaintiff Lee Anthony Brown, who is confined at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. Dkt. No. 1. On February 16, 2022, the Court screened and dismissed the original complaint for failure to state a claim upon which relief can be granted. Dkt. No. 7. The Court concluded that Brown did not have any constitutional claims with respect to his allegation that his cellmate routinely masturbated as he slept. *Id*. at 5-6. The Court noted that, while such acts were unwelcome and bothersome, it did not constitute an objectively serious risk of harm under the Eighth Amendment. *Id*. The Court noted that Brown might have a First Amendment claim based on his assertion that he was transferred to another institution in retaliation for his Prison Rape Elimination Act (PREA) complaint about his cellmate's behavior. *Id*. at 7-8. But Brown did not provide enough facts from which the Court could draw that inference. *Id*. The Court then gave Brown an opportunity to file an amended complaint to identify the following information with respect to his retaliation claim: (1) who knew about his PREA complaint; (2) who made the decision to transfer him to a new institution; and (3) the general conditions at his

new institution, i.e., whether the new institution was more restrictive or dangerous such that it would deter a person of ordinary firmness from filing other PREA complaints in the future. *Id*. The Court ordered Brown to file an amended complaint that contained these facts by March 16, 2022, if he wanted to proceed with the case. *Id*. at 9.

On March 16, 2022, Brown filed an amended complaint. Dkt. No. 8. The amended complaint does not provide any of the information the Court identified. *See id*. Brown reiterates that, in September 2020, he complained to defendants Jaeger, Hall, and Gibbious that his cellmate kept sexually harassing him by masturbating while he slept. *Id*. at 3-4. Brown was told to "deal with it" and "welcome to an all-male prison." *Id*. at 3. At some point (it's unclear when), Brown filed a PREA complaint regarding his cellmate's behavior. *Id*. at 4. In response, someone (it's unclear who), moved Brown to segregation to separate him from his cellmate because "there is a zero tolerance congressional act in place to protect inmates and staff from sexual harassment." *Id*. Three weeks later, someone (again, it's unclear who) ordered that Brown be transferred to another institution "under false allegations." *Id*. at 4-5. It's unclear who made these "false allegations" or what the false allegations were. *Id*. Brown states that he was not given any notice nor was he "reclassified" before the transfer. *Id*. at 5. Brown believes that if he had not filed the PREA complaint, he would not have been charged with "false allegations" or moved to a different institution. *Id*. Brown does not describe the conditions at his new institution. *Id*. And Brown does he allege any facts at all about defendants Dan Cromwell, Kevin Carr, Capt. Hoch, or Capt. Larsen. *Id*.

To state a retaliation claim, Brown must allege that (1) he engaged in a constitutionally protected activity; (2) he suffered a deprivation likely to prevent future protected activities; and (3) there was a causal connection between the two. *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th

2

Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Brown has a right to file a grievance about his cell conditions. *See Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) ("A prisoner has a First Amendment right to make grievances about conditions of confinement.") But Brown must allege that the defendants had actual knowledge of his protected conduct and acted because of it. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) ("It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.") (internal citations omitted). Brown must also allege that the deprivations he suffered would likely deter a person of ordinary firmness from continuing to engage in protected activity. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020).

As explained in the prior screening order, Brown does not allege any facts showing that any of the named defendants knew about his PREA complaint or that any of them were involved in the decision to transfer him to a new institution. Without these facts, there is no one to attach personal liability to. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Indeed, Brown alleges that defendants Jaeger, Hall, and Gibbious knew that the cellmate had an issue with masturbating in his cell, but there are no allegations that he told these defendants what he would file a PREA complaint or that any of these defendants were involved in the decision to transfer him to a different institution. Further, Brown also does not describe the conditions at his new institution, i.e., whether it was more restrictive or dangerous than his old institution. Without facts about the conditions at the new institution, the Court cannot infer that transfer to the new institution

3

would deter a person of ordinary firmness from filing other PREA complaints in the future. Brown therefore fails to state a claim upon which relief can be granted and the Court will dismiss this case.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 7, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.